Zerelda Storms, &c., vs. C. C. Storms, &c.

---

CASE 26—PETITION EQUITY—DECEMBER 19.

| 3b | 77 |
|----|----|
| 90 | 583 |

# Zerelda Storms, &c., vs. C. C. Storms, &c.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. A mortgage, describing correctly other debts secured by it, describes the debt to C. C. Storms as due by "a note or notes for about three hundred and fifty dollars," and the debt of N. Storms as "an account for about fifty dollars." This cannot be construed as including six notes to C. C. Storms, amounting, in the aggregate, to more than fifteen hundred dollars, or notes and accounts to N. Storms exceeding nine hundred dollars. If the note or notes to C. C. Storms had exceeded three hundred and fifty dollars only to a small extent, "about three hundred and fifty dollars" might have constructively embraced the actual amount; but when the excess is so enormous and incredible, "about three hundred and fifty dollars" must be fixed at three hundred and fifty dollars; and so, more especially, in the case of N. Storms, must the debt secured by the mortgage be fixed at fifty dollars.

2. The commissioner's only authority was to report facts to the court for its inspection, but not to dictate its ultimate decision.

3. The deposition of a husband, after his wife has obtained a divorce from him, is competent testimony against her interest, when it divulges no communication between them during coverture.

4. For any debt paid by a surety to a creditor, embraced by the mortgage, the surety will be entitled to stand as a subrogated beneficiary.

R. M. & W. O. Bradley,                    For Appellants,
                        CITED—
  *MSS. Opin., Jany.*, 1858; *Wilson vs. Herndon.*
  3 *Metcalfe*, 527; *Kay vs. Tydings.*
  *Myers' Code, notes on page* 545.
  18 *Ohio*, 526; *Cook vs. Young.*
  *Civil Code, subsec.* 4 *of sec.* 670.
  *Civil Code, sec.* 645.
  7 *B. Mon.*, 24; *Campbell vs. Weakley.*

Dunlap,                                   For Appellees,
                        CITED—
  *Civil Code, sec.* 651.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The decree for distribution among the mortgagees al-
lows much more to C. C. Storms and Nathan Storms than
the mortgage constructively intended to secure to them.
The alleged debt to each of them is specified in the mort-
gage, and no other or essentially greater debt can be
allowed to either of them, consistently with the rights of
the appellant and other creditors.   The mortgage de-
scribes the debt to C. C. Storms as due by "a note or
notes for about three hundred and fifty dollars," and the
debt to Nathan Storms as "an account for about fifty
dollars."   This cannot be construed as including, as ad-
judged by the circuit court, *six* notes to C. C. Storms,
amounting, in the aggregate, to more than fifteen hun-
dred dollars, or *notes and accounts* to Nathan exceeding
*nine hundred dollars.*   If the note or notes to C. C. Storms
had exceeded three hundred and fifty dollars only to a
small extent, "*about three hundred and fifty dollars*" might
have constructively embraced the actual amount; but
when the excess is so enormous and incredible, about
three hundred and fifty dollars must be fixed at three

hundred and fifty dollars; and so, more especially, in the case of Nathan, must the debt secured by mortgage be fixed at fifty dollars. This principle, so reasonable and just, is authoritatively recognized; and, consequently, in these particulars, at least, the circuit court erred in overruling the exceptions to the commissioner's report. But, had there been no exceptions, errors so flagrant on the face of the record ought not to have been ratified by the court, whose agent's only authority was to report facts for its inspection and approval, and to facilitate, but not to dictate, its ultimate decision. This, too, is obvious and well-settled.

C. C. and N. Storms being thus not entitled, as mortgagees, to more than the mortgage recognized and identified, the secondary question arises, whether they are entitled, as insecured creditors, beyond that extent, to judgments *in personam*. And this will depend on the competency and credibility of the mortgagor, who is the son of one of them and the brother of the other. His wife having obtained a divorce, his testimony against her interest is competent, as it divulged no communication between them during coverture, and as he apparently testified against his own interest. But the significant fact that so poor a man, intending to secure his own father and brother with other creditors, should make such incredible blunders in both the amount and character of *their* debts, while he remembered well and described accurately his indebtedness to strangers included in the same mortgage, shakes, if it does not destroy, his credibility, which may, by further investigation, be, perhaps, fortified or destroyed. But as the case will be remanded, and the credibility of this witness will not affect the distribution of the proceeds of the mortgaged property, we refer it for ulterior consideration by the circuit court, if it

shall become important as between creditors insecured by the mortgage.

For any debt paid by C. C. or N. Storms as surety to a creditor embraced by the mortgage, he will be entitled to stand as a subrogated beneficiary.

For the errors before suggested, without intending to conclude any other, the judgment is reversed, and the cause remanded for further proceedings for adjusting the claims of N. and C. C. Storms, which may possibly be so curtailed by further testimony, as to credibility and other facts, as to leave something to the appellant, whose deed of trust will prevail against all except the mortgagees and other *bona fide* creditors at the date of it. We cannot, therefore, now decide that she is not prejudiced by the judgment appealed from. In the meantime the mortgagees, whose recited debts are uncontested, may receive their respective dues out of the fund in the power of the court under the sale of the mortgaged property. And if antecedent creditors, not secured by the mortgage, shall establish their title to the residue, it should be finally distributed among them *pro rata*. But if such claims shall fail to exhaust the fund, whatever may be left should be adjudged to the appellant.